UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY GEROME YOUNG, | No. 2:15-cv-2674 KJN P |
| Plaintiff, | |
| v. | ORDER |
| MUHAMMAD QURESHI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.

On February 9, 2016, plaintiff filed a motion for leave to file a supplemental complaint. Plaintiff's motion was not, however, accompanied by a proposed supplemental complaint. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed supplemental complaint, the court is unable to evaluate it. For this reason, plaintiff's motion for leave to file a supplemental complaint is denied.

If plaintiff chooses to file a supplemental complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless

1

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's supplemental complaint complete. Local Rule 220 requires that a supplemental complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, a supplemental complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a supplemental complaint, the original pleading no longer serves any function in the case. Therefore, in a supplemental complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

1       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to file a supplemental

2 complaint and motion for appointment of counsel (ECF No. 16) are denied without prejudice.

3 Dated: March 17, 2017

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Yo2674.10b